Aldon L. Bolanos, Esq., SBN. 233915
Law Offices of Aldon L. Bolanos, Esq.
Sacramento, CA 95814
PH.  916.446.2800
Fx.  916.446.2828
www.aldonlaw.com

Attorneys for Plaintiff Christine EICHNER

United States District Court

Northern District of California

| | |
|---|---|
| Christine EICHNER,<br><br>Plaintiff,<br><br>vs.<br><br>Bank of America, N.A.,<br><br>Defendant. | Case No. CV-13-3635 MEJ<br><br>**EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE: PRELIMINARY INJUNCTION**<br><br>*Jury Trial Demanded* |

### I.   INTRODUCTION

This case presents a straightforward application of a new California law called the Homeowner Bill of Rights. Under that new law, a bank/lender may not engage in "dual tracking." This is the practice of providing a "loan workout" with a borrower while simultaneously moving the borrower toward a foreclosure sale of his or her home.

1

## II.   STATEMENT OF FACTS

As set forth in the concurrently-filed declaration of Christine Eichner, she and her family have resided in their home at 78 Robinhood Drive, Novato, California 94945, since 2004.

In the Great Recession of 2008, Mrs. Eichner's family experienced a substantial financial hardship when her husband's income dropped precipitously. Consequently, like so many Americans she fell behind in her mortgage payments. In response, on March 19, 2013, Bank of America recorded a notice of default on her property.

Thereafter, Mrs. Eichner and Bank of America engaged in negotiations toward a loan modification. These negotiations culminated in Mrs. Eichner submitting a fully-completed loan modification package to Bank of America on **May 30, 2013**. A true copy of that fully-completed application is Exhibit 1 to the Eichner Declaration, concurrently filed.

On **June 3, 2013**, Bank of America wrote to Ms. Eichner and *confirmed it had received the fully-completed loan modification* application and that it was being reviewed by a "specialist." A true copy of Bank of America's confirming letter is Exhibit 2 to the Eichner Declaration, concurrently filed.

Then, unexpectedly, Mrs. Eichner was shocked to find tacked to her door a Notice of Trustee's Sale. The Notice of Trustee's Sale was recorded on **July 16,**

**2013**. The sale date was originally scheduled for August 7, 2013, but has been postponed to **September 11, 2013.** A true copy of that Notice of Trustee's Sale is Exhibit 3 to the Eichner Declaration, concurrently filed.

Notably, Bank of America has never sent Ms. Eichner anything in writing that her modification was rejected prior to recording the notice of trustee's sale, as required by the Homeowner Bill of Rights.

### III. LAW AND ARGUMENT

A. Temporary Restraining Order and Preliminary Injunction

The standard for issuing a TRO is similar to the standard for issuing a preliminary injunction and requires that the party seeking relief show either "(1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party." Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS, 306 F.3d 842, 873 (9th Cir.2002)). "[T]hese two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Dep't Parks & Rec. of Calif. v. Bazaar Del Mundo, Inc., 448 F.3d 1118, 1123 (9th Cir.2006).

The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held. <u>Reno Air Racing Ass'n v. McCord</u>, 452 F.3d 1126, 1130-31 (9th Cir.2006).

Here, as set forth in Section B below, plaintiff has provided ample evidence that she was "dual tracked" in violation of the California Homeowner Bill of Rights in that she was actively engaged in completing a short sale of her family home while the bank simultaneously seeks to complete a non-judicial foreclosure sale.

Along those lines, Ms. Eichner faces the imminent dispossession of her family home. If that occurs, she and her family would be left homeless. Thus, this is an imminent harm of the highest order.

B. California Homeowner Bill of Rights

In the instant case, the Complaint alleges that defendant violated the California Homeowners Bill of Rights by engaging in dual tracking while also offering plaintiff a loan modification. To that end, the California Homeowner Bill of Rights provides that "It is the intent of the Legislature that the mortgage servicer offer the borrower a loan modification or workout plan if such a plan is consistent with its authority." California *Civil Code* § 2923.6(b).

Moreover, the law provides that if a borrower submits financials toward a workout/short sale effort,

4

then the servicer/beneficiary/bank **shall not** record a Notice of Trustee's Sale while the application is pending and the servicer **must** make a written determination that the borrower is ineligible *before* recording any such notice. *Civil Code* § 2923.6(c). Emphasis added.

Here, Ms. Eichner has submitted substantial and straightforward evidence demonstrating that she was engaged in loan modification negotiations with Bank of America, and that she submitted a complete loan modification application. Moreover, the evidence also unambiguously shows that Bank of America recorded a Notice of Trustee's Sale before it sent any written notification that the loan modification had been rejected. Such a practice is a clear violation of the California Homeowner Bill of Rights.

C. Notice

Finally, *Federal Rule of Civil Procedure* 65(b) provides that a court may issue a TRO without notice to the adverse party in limited circumstances where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant...." *FED. R. CIV. P.* 65(b)(1)(A). The movant must also certify in writing any efforts made to give notice and the reasons why it should not be required. *FED. R. CIV. P.* 65(b)(1)(B).

1   Here, the concurrently-filed affidavit clearly
2  shows immediate and irreparable injury because Mrs.
3  Eichner will be foreclosed out of her home on September
4  11, 2013. Moreover, as provided in the <u>Declaration of
5  Aldon Bolanos</u>, defendant Bank of America, was indeed
6  given notice of this proceeding at its Downtown
7  Sacramento branch and to its attorneys in other similar
8  litigation. Consequently, this Court should be
9  satisfied that notice requirements under the Federal
10 Rules have been met.

## IV. CONCLUSION

13   For the foregoing reasons, it is respectfully
14 requested that this court issue a temporary restraining
15 order to prevent the imminent foreclosure sale of
16 plaintiff's home. A form of proposed order is
17 concurrently-filed.

18   Moreover, it is also respectfully requested that
19 this court set a schedule for hearing on plaintiff's
20 application for a preliminary injunction commensurate
21 with the court's calendar.

Dated: August 5, 2013

Law Offices of Aldon L. Bolanos, Esq.

*/s/ **Aldon L. Bolanos, Esq.***

Aldon L. Bolanos, Esq.
Attorney for Plaintiff Christine Eichner

6