UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CHRISTINE EICHNER,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No: C 13-3635 SBA<br><br>**ORDER DENYING TRO APPLICATION**<br><br>Docket 5 |

On August 6, 2013, Plaintiff Christine Eichner ("Plaintiff") commenced the instant action against Defendant Bank of America, N.A. ("Defendant") alleging one claim for relief in connection with a foreclosure proceeding on her residence located at 78 Robinhood Drive, Novato, CA 94945 (the "Property"). Compl., Dkt. 1. Plaintiff alleges that Defendant has violated "The California Homeowner Bill of Rights"[1] by engaging in the unlawful practice of "dual tracking" by proceeding with a foreclosure sale while simultaneously considering Plaintiff's eligibility for a loan modification. Id. ¶¶ 1-3, 6-7. On August 12, 2013, the case was reassigned to the undersigned. Dkt. 9.

Presently before the Court is Plaintiff's Ex Parte Application for Temporary Restraining Order and OSC Re: Preliminary Injunction ("TRO Application"), which seeks

---

[1] As of January 1, 2013, The California Homeowner Bill of Rights went into effect. Section 2923.6(b) states "it is the intent of the legislature that the mortgage servicer offer the borrower a loan modification or work out plan if such a modification or plan is consistent with its contractual or other authority." The statute further provides that "[i]f a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c). "If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17." Cal. Civ. Code § 2924.12.

an order preventing Defendant from selling her home on September 11, 2013.[2] Dkt. 7. Plaintiff also requests the Court schedule a hearing on her application for an Order to Show Cause ("OSC") why a preliminary injunction should not issue. Id. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Plaintiff's TRO Application. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. DISCUSSION

### A. Legal Standard

The standard for a TRO is the same as for a preliminary injunction. See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001); Lockheed Missile & Space Co. v. Hughes Aircraft, 887 F.Supp. 1320, 1323 (N.D. Cal. 1995). To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council Inc., 555 U.S. 7, 20 (2008).

The court may apply a "sliding scale" test, under which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). Under the Ninth Circuit's sliding scale approach, the first and third elements are to be balanced such that "serious questions" going to the merits and a balance of hardships that "tips sharply" in favor of the movant are sufficient for relief so long as the other two elements are also met. Id. at 1134-1135. Nevertheless, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that

---

[2] A Notice of Trustee's Sale was recorded on July 16, 2013. Eichner Decl., Exh. 3. The Trustee's Sale was originally scheduled for August 7, 2013. Id. "Several days" after July 16, 2013, Plaintiff received notice that the Trustee's Sale was postponed to September 11, 2013. See id. ¶¶ 7, 9, Exh. 4.

- 2 -

the plaintiff is entitled to such relief," Winter, 555 U.S. at 22, and the moving party bears the burden of meeting all four Winter prongs. See Cottrell, 632 F.3d at 1135; DISH Network Corp. v. FCC, 653 F.3d 771, 776-777 (9th Cir. 2011).

Under Federal Rule of Civil Procedure 65, a TRO may be issued without notice to the adverse party or its counsel only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed.R.Civ.P. 65(b)(1). Although the restrictions imposed under Rule 65 are stringent, they "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 438-439 (1974). Accordingly, there are "very few circumstances justifying the issuance of an ex parte TRO." Reno Air Racing Ass'n Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (courts have recognized a "very narrow band of cases in which ex parte orders are proper"). For instance, notice may be excused where it "is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." Id. Or, notice may not be required where providing "notice to the defendant would render fruitless the further prosecution of the action" because the adverse party is likely to destroy evidence. Id.

In addition to the requirements set forth in Rule 65(b)(1), a party must satisfy the notice requirement under Civil Local Rule 65-1(b) to obtain an ex parte TRO. See Civ. L.R. 65-1(b) This rule states that, unless relieved by the Court for good cause shown, "on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party." Id.

///

///

- 3 -

B.     **TRO Application**

Having reviewed Plaintiff's TRO Application as well as the materials submitted in support thereof, the Court concludes that Plaintiff has failed to satisfy the procedural requirements necessary to justify the issuance of an ex parte TRO.  Specifically, Plaintiff has not shown that she has given proper notice to Defendant under Civil Local Rule 65-1(b).  In addition, Plaintiff has not shown that she is likely to suffer immediate and irreparable harm before the Defendant can be heard in opposition to her request for injunctive relief as required by Rule 65(b)(1).

In support of her request for an ex parte TRO, Plaintiff submitted a declaration from her attorney describing the "notice" provided to Defendant.  Bolanos Decl., Dkt. 2.  Plaintiff's counsel avers that the summons and complaint as well as the TRO Application and Plaintiff's declaration were served on Defendant on August 6, 2013.  Id. ¶ 3.  According to counsel, he personally served these documents by taking them to Defendant's "Downtown Sacramento headquarters bank and providing them to the manager on duty."  Id.  Counsel avers that the "manager" conveyed to him that Defendant's "procedure is to fax the documents to their legal department within thirty minutes of receiving them."  Id.  Counsel further avers that he has recently litigated several cases against Defendant with "similar issues," and that he provided "courtesy copies to [Defendant's] attorneys in those other cases by email and fax with follow-up telephone calls to confirm receipt."  Id. ¶ 4.

The Court finds that Plaintiff has failed to demonstrate compliance with Civil Local Rule 65-1(b).  The "notice" described by Plaintiff's counsel leaves the Court uncertain as to whether Defendant or Defendant's counsel actually received notice of Plaintiff's TRO Application.  Moreover, Plaintiff has not demonstrated that she delivered notice in accordance with Civil Local Rule 65-1(b).  Plaintiff's TRO Application does not mention Civil Local Rule 65-1(b), let alone provide any authority or analysis establishing compliance with this rule.  Nor has Plaintiff demonstrated good cause to be excused from this rule.  According to Plaintiff, she has known since "several days" after the Notice of Trustee's Sale was recorded on July 16, 2013 that the Trustee's Sale was postponed until

September 11, 2013.  Eichner Decl. ¶¶ 7, 9.  Despite her awareness of the postponement of the Trustee's Sale, Plaintiff elected to commence the instant action and seek a TRO without notice on August 6, 2013 - 36 days before the September 11, 2013 sale date.  Plaintiff offers no explanation for why she failed to properly serve Defendant with the summons, complaint, and the TRO Application upon the commencement of this action.  Indeed, given the postponement of the Trustee's Sale, Plaintiff had adequate time to properly serve Defendant with these documents prior to the sale date.

In addition, the Court finds that Plaintiff has failed to establish compliance with Rule 65(b)(1).  Specifically, Plaintiff has not submitted an affidavit or verified complaint setting forth specific facts clearly showing that immediate and irreparable injury will result to her before Defendant can be heard in opposition to her request for injunctive relief.  At the time Plaintiff's TRO Application was filed, the Trustee's Sale was scheduled to take place 36 days later.  Currently, the Trustee's Sale is scheduled to take place on October 9, 2013.[3]  See www.recontrustco.com/.[4]  Accordingly, because the Trustee's Sale is over seven weeks away, the Court concludes that Plaintiff will not suffer immediate and irreparable injury in the absence of a TRO.  See Murphy v. Bank of New York Mellon, 2013 WL 3187932, at *1 (N.D. Cal. 2013) ("Because the trustee's sale at issue is at least 20 days away, the Court cannot conclude that Murphy is likely to suffer imminent and irreparable injury in the absence of a TRO.").

In sum, because Plaintiff has failed to satisfy the procedural requirements for the issuance of an ex parte TRO under Civil Local Rule 65-1(b) and Rule 65(b)(1), Plaintiff's request for an ex parte TRO is DENIED.[5]  Further, given the postponement of the Trustee's

---

[3] It is unclear when the Trustee's Sale was rescheduled to October 9, 2013.

[4] In the Notice of Trustee's Sale, Plaintiff was provided a phone number and a website for ascertaining whether the sale date for her Property has been postponed and, if so, the rescheduled date and time.  See Eichner Decl., Exh. 3.  A review of the website reveals that the Trustee's Sale has been rescheduled to October 9, 2013.

[5] In light of this ruling, the Court will not reach the issue of whether Plaintiff has satisfied the substantive requirements for the issuance of a TRO.

Sale and Plaintiff's failure to properly serve Defendant with the summons and complaint, Plaintiff's request to schedule a hearing on her application for an OSC why a preliminary injunction should not issue is DENIED. Plaintiff has sufficient time before the Trustee's Sale on October 9, 2013 to properly serve Defendant with the summons and complaint and to file a duly noticed motion seeking a preliminary injunction.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's TRO Application is DENIED.
2. This Order terminates Docket 5.

IT IS SO ORDERED.

Dated: 8/20/2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

- 6 -